NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA DIONISIA ORTIZ-MORENO, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-71061 Agency No. A202-002-996 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 3, 2020
Pasadena, California

Before: WARDLAW, NGUYEN, and HUNSAKER, Circuit Judges.

Maria Ortiz-Moreno ("Ortiz-Moreno") and her minor daughter are natives

and citizens of Honduras.[1] They petition for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from the Immigration Judge's

("IJ") decision denying their applications for asylum and withholding of removal.[2]

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Ortiz-Moreno's daughter's asylum application is derivative of her mother's.

[2] Before the IJ, Ortiz-Moreno also sought relief under the Convention Against Torture ("CAT"), but she did not challenge the IJ's denial of CAT relief before the BIA.

Ortiz-Moreno argues that she has a well-founded fear of persecution on account of her membership in the group "women in Central America fleeing abusive partners or husbands." We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

1. Even assuming that Ortiz-Moreno's proposed group is a cognizable particular social group, the BIA did not err in concluding that there is no nexus between the harm her ex-partner inflicted on their daughter and Ortiz-Moreno's membership in her social group.[3] "Harm to a child can amount to past persecution of the parent when that harm is, at least in part, directed against the parent 'on account of' or 'because of' *the parent's* . . . membership in a particular social group . . . ." *Sumolang v. Holder*, 723 F.3d 1080, 1084 (9th Cir. 2013) (quoting 8 U.S.C. §§ 1101(a)(42)(A), 1231(b)(3)(A)). Here, Ortiz-Moreno's theory that her ex-partner harmed their daughter in order to persecute Ortiz-Moreno is belied by the record evidence. Their daughter testified, for example, that her father started abusing her only after her grandmother died in 2013, more than five years after Ortiz-Moreno left Honduras. And Ortiz-Moreno herself testified that her ex-partner sought to hide his abuse of their daughter from her. Based on these

---

[3] The BIA also concluded that Ortiz-Moreno failed to establish the requisite nexus between the harm she suffered at the hands of her ex-partner and her membership in her proposed group. Ortiz-Moreno does not challenge that nexus finding in her petition for review.

undisputed facts, the BIA correctly concluded that the abuse of their daughter was not directed in any way against Ortiz-Moreno "on account of" or "because of" her membership in her proposed group.[4]

2. Reviewing de novo, *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014), we find no due process violation. The factual errors the IJ made in her original ruling did not deprive Ortiz-Moreno of due process. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926–27 (9th Cir. 2007) ("Where an alien is given a full and fair opportunity to be represented by counsel, to prepare an application for . . . relief, and to present testimony and other evidence in support of the application, he or she has been provided with due process."). And the IJ's questioning of Ortiz-Moreno during her removal hearing does not show that the IJ "had a deep-seated favoritism or antagonism that would make fair judgment impossible." *Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007) (quoting *Vargas-Hernandez*, 497 F.3d at 926).

**PETITION FOR REVIEW DENIED.**

---

[4] The BIA also affirmed the IJ's finding that Ortiz-Moreno is not a member of the particular social group that was found to be cognizable in *Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (BIA 2014), *overruled by Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018). Ortiz-Moreno does not challenge this finding in her petition for review.

3